## Juliano v. Juliano

*Claude B. Luciano*, for libellant.
*N. S. Shahan*, for respondent.

FINLETTER, P. J., September 6, 1935. — The libellant had, prior to his marriage with the respondent, married another woman.

Proceedings for divorce were brought by the first wife, in Massachusetts, against him, and had proceeded to a decree nisi. Under the laws of Massachusetts the decree was interlocutory and could not become absolute until after a lapse of six months.

Before this period had expired libellant went through a marriage ceremony with the respondent in the instant proceedings.

This marriage was of course void because of the then existing marriage.

The proceedings in the case before us had reached a point where the master's report was filed, recommending a dismissal of the libel on the ground that there had been no valid marriage to the respondent. No exceptions were filed, and the time for filing them has elapsed.

Libellant now takes a rule to amend the libel by changing the averment of a lawful marriage to an averment of a marriage ceremony void because of an existing marriage, and changing the prayer from one for an absolute divorce on the grounds of cruelty and indignities to one for a decree of annulment on the ground of a previous marriage.

We are not advised whether or not the proceedings in Massachusetts were for an absolute divorce or one a mensa et thoro. Nor does it appear whether or not the interlocutory decree there granted has become absolute by lapse of the six months, which of course have by this time gone by. This is unimportant because neither fact would validate the second marriage.

The question whether or not the libellant innocently entered into the second marriage seems also to be unimportant, because The Divorce Law of May 2, 1929, P. L. 1237, sec. 12, make no distinction on this ground with regard to libellant's right to institute a suit for annulment. The provision of the law is:

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time the supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

Apparently either party to a bigamous marriage may bring proceedings for annulment—apart from the question of guilt or innocence. Nor does any consideration of public policy require a distinction. From one point of view it would seem impolitic to permit a wrongdoer to obtain relief on the basis of his own wrong. On the other hand it is to the interest of the State and of the wronged party that the legal status of the latter should be established by a decree of court.

We would therefore not deny the amendment because the libellant was a wrongdoer.

Besides, he denies conscious guilt, alleging that he thought the interlocutory decree was the end of the case. If the right to amendment turns upon his guilt or innocence he is, at least at this stage of the case, entitled to aver his innocence, and raise the question. If he were guilty in fact, respondent may answer to that effect, and the issue, if it is pertinent (and we think it is not) can be raised before the master and the court.

But we are of opinion that the amendment should not be allowed. Divorce and annulment are totally different actions, and while the fact is that they have like effects (in some respects) and are treated, as a rule, in connection with each other, their radical difference is apparent. For example divorce is founded on a valid marriage: annulment upon a void marriage.

In divorce the parties are mated for all purposes until the final decree. Children born before that event are legitimate. Property rights are fixed for each spouse, and remain so until final decree, sometimes afterwards, e. g., tenancies by the entireties.

On the other hand a decree of annulment treats the parties in all respects as if they had each always been sole. Children born after the ceremony and during the relations of the parties, both before and after the decree, are illegitimate. Land is not held by entireties, but as by strangers, by joint estate or tenancy in common. Devolution of property in cases of intestacy is different.

On this subject, the radical difference between annulment and divorce, see Dean Goodrich's article in 32 Harvard Law Review 806; Eisenberg v. Eisenberg, 105 Pa. Superior Ct. 30; 38 C. J. 1347; and 19 C. J. 16.

As the respondent argues: "The fundamental differences must not be lost sight of because of the similarity of the procedures and the treatment of both subjects in the same act. They remain two separate causes of action." And we think two actions so different in kind that one cannot be transformed by amendment into the other.

None of the actions brought by these people against each other (there is a third which has no bearing upon the present subject) has finally adjudicated annulment. The door is still open for the annulment of the bigamous marriage at the suit of either party.

For the reasons given above we are of opinion that the rule must be discharged.